UNITED STATES BANKRUPTCY COURT
FOR THE MARYLAND DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| IN RE:<br><br>RHONDA L. WIMBISH<br>  FKA RHONDA L. WIMBISH-BILLIPS<br><br>       Debtor | Chapter 13<br>Case No. 21-13965-MMH |
| RHONDA L. WIMBISH<br>  FKA RHONDA L. WIMBISH-BILLIPS<br>3514 WHITE CHAPEL ROAD<br>BALTIMORE, MD 21215<br><br>       Movant<br><br>v.<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST<br><br>       Respondent | Ref. Doc. 71 |

## RESPONSE TO VERIFIED SECOND AMENDED OBJECTION TO CLAIM

Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, Not Individually but as Trustee for Pretium Mortgage Acquisition Trust ("Creditor") by its undersigned attorneys, Orlans PC, hereby responds in opposition to the Verified Second Amended Objection to Claim filed by the Debtor Rhonda L. Wimbish ("Debtor").

Debtor objects to Creditor's Proof of Claim filed in the above-captioned case as Claim Number 7-1 (the "Proof of Claim"). For the reasons set forth below, Debtor's objections should be overruled.

I. **FACTUAL BACKGROUND**

A. <u>**The Note and Deed of Trust.**</u>

On or about December 16, 2005, Debtor executed and delivered to Countrywide Home Loans, Inc. a promissory note (the "Note") in the amount of ONE HUNDRED THIRTY-FIVE THOUSAND TWO HUNDRED DOLLARS AND NO CENTS ($135,200.00), plus interest. A copy of the Note is attached as an exhibit to the Proof of Claim, pp. 14-15. The Note was indorsed in blank by Countrywide Home Loans, Inc. <u>Id.</u>

Debtor executed a Deed of Trust to Countrywide Home Loans, Inc. dated December 16, 2005 (the "Deed of Trust"). The Deed of Trust was recorded with the Register of Deeds, Book 08350, Pages 0204-0216. A copy of the recorded Deed to Trust is attached as an exhibit to the Proof of Claim, pp. 16-28.

The Deed of Trust was assigned to Creditor. A copy of the recorded Assignments of Deed of Trust are attached as exhibits to the Proof of Claim, pp. 29-35.

The Deed of Trust is secured by real property owned by Debtor known and numbered as 3514 White Chapel Road, Baltimore, MD 21215 (the "Property").

Selene Finance, LP services the mortgage account.

The Deed of Trust is materially in default. The Proof of Claim shows a total debt in the amount of $280,068.56 and a pre-petition mortgage arrearage in the amount of $171,215.40.

B. <u>**The Prior Chapter 13 Cases**</u>.

Debtor filed two Chapter 13 cases prior to the instant case.

On December 26, 2018, Debtor pro se filed a Chapter 13 case, case no. 18-26791 (the "2018 case"). The 2018 case was dismissed on April 26, 2019, for Debtor's failure to file an amended plan. In the 2018 case, Creditor's predecessor filed a Proof of Claim showing a total

debt $247,511.60 and a pre-petition mortgage arrearage of $131,686.97.

On March 11, 2020, Debtor represented by an attorney filed another Chapter 13 case, case no. 20-13224 (the "2020 case"). The 2020 case was dismissed on September 8, 2020, for Debtor's failure to file required documents. In the 2020 case, Creditor's predecessor filed a Proof of Claim showing a total debt $269,771.08 and a pre-petition mortgage arrearage of $157,158.71.

No plan was confirmed in Debtor's two prior Chapter 13 cases. More importantly for purposes of this matter, Debtor did <u>not</u> object to Creditor's predecessor's Proofs of Claim filed in her prior Chapter 13 cases.

C. **Updated Status of the Instant Chapter 13 Case**.

On June 15, 2021, Debtor voluntarily filed a petition for relief under Chapter 13. Debtor's original proposed Chapter 13 plan, filed on June 15, 2021, Doc. 2, treated Creditor's claim under class 4.6.2 whereby Debtor proposed to make direct payments to Creditor to maintain the post-petition monthly mortgage payments and cure the pre-petition mortgage arrearage through the Plan in the amount of $158,000.00.

The original plan proposed varying plan payments of $500.00 per month for 6 months and $2,900.00 per month for 54 months. Debtor's Schedules I & J, Doc. 1, pp. 29-32, show Debtor's monthly net income is $500.03.

On September 13, 2021, Creditor filed Objections to Confirmation, Doc. 24, because the original plan understated the mortgage arrearage, and was underfunded and infeasible.

The confirmation hearing was continued a few times. On January 12, 2022, this Court entered an Order denying confirmation of the Chapter 13 Plan with leave to amend, Doc. 30.

On January 27, 2022, more than <u>6 months</u> from filing her petition for relief, Debtor filed Objection to Creditor's Proof of Claim, Doc. 33. Before Creditor filed a timely response, Debtor

filed Verified Amended Objections to Creditor's Proof of Claim, Doc. 42, in which Debtor incorporated her prior objections and made additional objections.

On March 4, 2020, Debtor filed an Amended Chapter Plan, Doc. 44. In her Amended Plan, Debtor checked the boxes that indicated she was <u>not</u> seeking to limit the amount of a secured claim and was <u>not</u> seeking to avoid a security interest. Debtor proposed a plan payment of $500.00 per month for 60 months, which will be insufficient to cure the pre-petition mortgage arrearage due to Creditor. The Amended Plan classified Creditor's claim under 4.6.2 to cure and maintain the mortgage but Debtor indicated the arrearage amount is "to be determined per the Objection to Proof of Claim."

On March, 22, 2022, Creditor filed a Response to Debtor's Amended Objection to the Proof of Claim, Doc. 47.

On March 23, 2022, Creditor filed Objections to Confirmation of Debtor's Amended Plan, Doc. 49, for intentionally understating the pre-petition mortgage arrearage, and making it impossible to determine if the plan is feasible and/or sufficiently funded. On June 16, 2022, Creditor filed a Line in Support of the Objection to Confirmation, Doc. 61, and submitted as an exhibit a letter from the mortgage servicer denying Debtor's application for a loan modification.

On June 22, 2022, this Court entered an Order Denying Confirmation with Leave to Amend, Doc. 64, and set the new confirmation hearing date to August 24, 2022.

On July 21, 2022, Debtor filed an Amended Chapter 13 Plan, Doc. 67, which was essentially the same of the prior Amended Plan filed on March 4, 2022. Creditor's Objections to Confirmation remain unresolved.

A status hearing was held on July 27, 2022 regarding the Amended Objection to the Proof of Claim. This Court said the Amended Objections to Proof of Claim fail to connect the dots and

fail to meet the United States Court of Appeals for the Fourth Circuit's standard to rebut the presumption the Proof of Claim is valid. This Court provided Debtor with an opportunity to file amended objections in 30 days to include documentary evidence that shows how the alleged errors impact the Proof of Claim figures.

On August 24, 2022, the confirmation hearing was continued to October 26, 2022.

On August 25, 2022, Debtor filed her Second Amended Objection to the Proof of Claim, Doc. 71, and a Support Document, Doc. 70. In her Second Amended Objection to the Proof of Claim, Debtor incorporates her original Objections and her First Amended Objection to the Proof of Claim. See Debtor's Second Amended Objections to Proof of Claim, page 1.

Creditor herein responds to Debtor's Second Amended Objection to the Proof of Claim. Creditor likewise incorporates herein by reference the facts and arguments set forth in Creditor's Response to the [First] Verified Amended Objections to the Proof of Claim, Doc. 47.

### D. Debtor's Additional Exhibits

In her Second Amended Objections to the Proof of Claim (hereinafter referred to as the Second Amended Objections), Debtor provides additional exhibits which show in relevant part:

- A foreclosure action was commenced by the Substitute Trustee of the Deed of Trust, case no. 24-0-14-000086, against Debtor and the Property. Debtor's Exhibit 4, Amended Complaint for Declaratory Judgment filed by Green Tree Servicing, LLC et al., paragraph 13.

- In the foreclosure action, Debtor filed an Amended Motion to Dismiss and Stay the Sale. Debtor admitted she received the proceeds of the loan, signed a note, and signed a deed of trust. However, Debtor asserted the signatures on the note and deed of trust submitted in the foreclosure action were forgeries. Debtor's Exhibit 4, paragraph 14.

- The Substitute Trustee dismissed the foreclosure action without prejudice. Debtor's Exhibit 4, paragraph 17.

- Ditech Financial LLC, f/k/a Green Tree Servicing, LLC, the prior servicer, (hereinafter "Ditech") and Federal National Mortgage Association commenced an action for a declaratory judgment that the Note and Deed of Trust are Authentic, Valid, and Enforceable, in the Circuit Court for Baltimore City, case no. 24-C-15000123. Debtor's Exhibit 4.

- On May 9, 2016, the circuit court conducted a trial on the merits on the action for a declaratory judgment. Debtor's Exhibit 5, Transcript of the Trial on May 9, 2016.[1]

- Debtor represented herself at the trial. Debtor's Exhibit 5, transcript page 7-15.

- The circuit court stated "the very, very narrow issue [of the trial was] whether this loan took place, whether it was [Debtor] who took out the loan, whether the loan has not been paid." Debtor's Exhibit 5, transcript page 33.

- Associated with the mortgage account were two Notes and two Deeds of Trust. Debtor says she signed one Note and one Deed of Trust but not the others. The two sets of documents had identical terms. Debtor's Exhibit 5, transcript pages 38-39.

- The circuit court granted a Declaratory Judgment that the Note and Deed of Trust (on which the foreclosure action had been based) was authentic, valid, and enforceable. Debtor's Exhibit 9, Declaratory Judgment entered in circuit court case no. 24-C-15-000123.[2]

---

1 It appears the trial continued to May 10, 2016 but Debtor did not provide the transcript for this day.
2 In Green Tree's Amended Complaint, Count I was for a declaration that the Note and Deed of Trust were authentic, valid, and enforceable. The remaining counts were alternatives to Count I. Debtor's Exhibit 4. In light of the Declaratory Judgment granting Count I, the circuit court dismissed the remaining counts. Debtor's Exhibit 9.

**ARGUMENT**

A. **The Proof of Claim Constitutes *Prima Facie* Evidence of the Validity and Amount of the Claim**.

Under 11 U.S.C. §502(a), a claim is deemed allowed unless a party in interest objects. For a proof of claim filed in a case in which the debtor is an individual, a proof of claim must be in writing and state the amount due with a breakdown of the principle, interest, fees, expenses, a pre-petition arrearage amount, Fed. R. Bankr. P. 3001(c)(1)(2). For claims secured by a debtor's principal residence, a proof of claim must also include an escrow statement and the official form 401A which sets forth a pre-petition payment history starting from the date the account was last current and/or the first date unpaid fees were incurred. *Id.* For secured claims, the proof of claim shall be accompanied by evidence of perfection of the security interest. Fed. R. Bankr. P. 3001(d).

A proof of claim that meets the requirements of Rule 3001 "shall constitute prima facie evidence of the validity and the amount of the claim." Fed. R. Bankr. P. 3001(f). The objecting party bears the burden of rebutting the presumption by producing "evidence equal in force to the *prima facie* case." *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992).

The Fourth Circuit set forth the burden shifting effect of a claim objection as follows:

> The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. The burden then shifts to the debtor to object to the claim. The debtor must introduce evidence to rebut the claim's presumptive validity. If the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence. [Citations omitted.]

*Stancill v. Harford Sands Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 640 (4th Cir. 2004).

In this case, the Proof of Claim meets the requirements of Rule 3001 by including: the Official Form 410; the Official Form 410A, parts 1-5, with a breakdown of the total debt, a breakdown of the arrearage, a payment history starting April 1, 2010, at which time the account as last current; the Note; the recorded Deed of Trust; the recorded Assignments of the Deed of Trust; and an escrow statement. By meeting the requirements of Rule 3001, the Proof of Claim constitutes *prima facie* evidence of the amount and validity of the claim. The burden of proof now shifts to Debtor to rebut the claim's presumptive validity.

In her Second Amended Objections, Debtor continues to make vague references to "several errors and issues with respect to the initial recording of the loan." *See* Second Amended Objections, p. 1. However, Debtor fails to describe with specificity the alleged errors and issues. More importantly, Debtor fails to show how these alleged errors and issues resulted in any errors in the Proof of Claim.

B. **The Second Amended Objections Fail to Meet Debtor's Burden of Proof to Rebut the Validity of the Proof of Claim Regarding a Settlement Statement that was Not Admitted as Evidence at the Trial**.

Debtor alleges there were issues regarding the contract price of sale of the property to Debtor. *See* Second Amended Objections, page 2. At the trial, Debtor presented to Ditech's witness a settlement statement that was <u>not</u> admitted into evidence and allegedly had a different sale price than the settlement statement presented by Ditech which was admitted as evidence. See Debtor's Exhibit 6, pages 160-163.

First, Creditor responds that any argument Debtor attempts to make regarding the sale closing and/or loan origination is barred by *res judicata*. Sartin v. Macik, 535 F.3d. 284, 287 (4th Cir. 2008); Bullock v. Ocwen Loan Servicing, LLC, 2015 U.S. Dist. LEXIS 110622, at *13-14 (D. Md. August 20, 2015)(citations omitted). "Res judicata, or claim preclusion, bars the

relitigation of any claims that were or could have been raised in a prior proceeding between the same parties." Sartin, supra at 287. It is clear Debtor and Creditor's predecessor previously litigated the issues surrounding the sale closing and the settlement statements. *See* Debtor's Exhibits 4, and 5. The circuit court ruled on the merits against Debtor. *See* Debtor's Exhibit 9.

Second, Debtor fails to show how any alleged error in a settlement statement which was not admitted as evidence at the trial is connected to any error in the Proof of Claim. By failing to connect the dots from a Settlement Statement to the Proof of Claim, Debtor fails to meet her burden of proof to overcome the presumptive validity of the Proof of Claim. *Stancill*, *supra*. Accordingly, Debtor's objection should be denied.

C. **Debtor Fails to Meet Her Burden of Proof to Rebut the Validity of the Proof of Claim Regarding the Amount Owed**.

Debtor alleges issues were raised at the trial with respect to the amount owed by Debtor. *See* Second Amended Objection, page 2. Debtor's position is not supported by the trial transcript. *See* Debtor's Exhibit 7 and Debtor's Exhibit 8.

At the trial, Ditech's witness testified the unpaid principal balance as of November 27, 2015 was $128,248.20.[3] See Debtor's Exhibit 7, transcript pages 167 – 169. Also, Ditech's witness testified the payoff amount as of April 30, 2013 was $154,542.28 which included interest late charges and other charges. Id. The difference between the principal balance and the payoff was clearly explained at the trial. Id., transcript page 218. Debtor's attempt to make it appear as if there was a discrepancy regarding the amount owed by comparing the unpaid principal balance to a payoff amount is disingenuous.

Next, Debtor attempts to create an issue regarding the amount owed by citing a part of the trial transcript where Debtor asked Ditech's witness questions about a Deed that was not admitted

---

[3] The Proof of Claim also shows an unpaid principal balance of $123,248.20 as of November 2015.

into evidence.  *See* Debtor's Exhibit 8, transcript page 175 – 177.   Contrary to Debtor's statement, Ditech's witness did not "suggest" a new amount was owed.  Instead, the witness was asked to read the Deed presented by Debtor.   Furthermore, it was <u>not</u> established at trial what this Deed was, who prepared, it, when it was dated, or what the amount of $164,956.28 signified.

It is clear that the trial transcript does <u>not</u> support Debtor's argument. In addition, the issues Debtor attempted to raise at the trial did not impress the circuit court who ruled the Note and Deed of Trust were authentic, valid, and enforceable.  *See* Debtor's Exhibit 9.

Moreover, Debtor again fails to connect these alleged issues with any error in the Proof of Claim. By attempting to raise non-existent issues regarding the amount owed, Debtor fails to meet her burden of proof to overcome the presumptive validity of the Proof of Claim.  *Stancill*, *supra*. Accordingly, Debtor's objection should be denied.

WHEREFORE, Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, Not Individually but as Trustee for Pretium Mortgage Acquisition Trust, by and through its attorneys, prays this Court deny Debtor's Verified Second Amended Objection to Proof of Claim with prejudice, allow Proof of Claim 7-1 in the amounts stated,  and for such other relief as this Court deems just and proper.

Date:  September 23, 2022

                              Respectfully submitted,

                              /s/ Elizabeth M. Abood-Carroll
                              James E. Clarke, Bar #15153
                              Elizabeth M. Abood-Carroll, Bar #20631
                              John E. Tarburton, Bar #26398
                              Paul J. Moran, Bar #19595
                              Colin Keith, Bar #22042
                              Orlans PC
                              PO Box 2548
                              Leesburg, VA 20177
                              (703) 777-7101
                              Attorneys for Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, Not Individually but as Trustee for Pretium Mortgage Acquisition Trust
                              jclarke@orlans.com
                              eabood-carroll@orlans.com
                              jtarburton@orlans.com
                              pmoran@orlans.com
                              ckeith@orlans.com

**CERTIFICATE OF SERVICE**

The undersigned states that on September 23, 2022, copies of the foregoing Response to Verified Second Amended Objection to Claim were filed with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Gerard R. Vetter
300 E. Joppa Road
Suite 409
Towson, MD 21286
ECF@ch13balt.com
*Bankruptcy Trustee*

Jill L. Phillips
6301 Ivy Lane Suite 700
Greenbelt, MD 20770
*Debtor's Attorney*

and I hereby certify that I have caused to be mailed by first class mail, postage prepaid, copies of the foregoing Response to Verified Second Amended Objection to Claim to the following non-ECF participants:

Rhonda L. Wimbish
3514 White Chapel Road
Baltimore, MD 21215
*Debtor*

                                        /s/ Elizabeth M. Abood-Carroll
                                        James E. Clarke, Esquire
                                        Elizabeth M. Abood-Carroll, Esquire
                                        John E. Tarburton, Esquire
                                        Paul J. Moran, Esquire
                                        Colin Keith, Esquire