Entered: December 13th, 2022
Signed: December 13th, 2022

**SO ORDERED**



MICHELLE M. HARNER
U.S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**at Baltimore**

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Rhonda L. Wimbish, | * | Case No. 21-13965-MMH |
| | * | |
| Debtor. | * | Chapter 13 |
| | * | |

* * * * * * * * * * * * *

**ORDER OVERRULING OBJECTION TO CLAIM**

This matter is before the Court on the Second Amended Objection to Claim Number 7 (the "Objection"), filed by Rhonda L. Wimbish, the above-captioned debtor (the "Debtor"). ECF 71. By the Objection, the Debtor seeks to disallow certain amounts set forth in the proof of claim filed as Claim No. 7 (the "Claim") by Wilmington Savings Fund Society, FSB, d/b/a/ Christiana Trust, not individually, but as trustee for Pretium Mortgage Acquisition Trust (the "Creditor"). The Creditor filed a response to the Objection, asserting that the amounts set forth in the Claim are accurate and outstanding and that, among other things, the Debtor's arguments are barred by the doctrine of res judicata. ECF 72. The Court held a hearing on this matter on October 26, 2022 (the "Hearing").[1]

[1] This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Under 28 U.S.C. § 157(a) and its Local Rule 402, the United States District Court for the District of Maryland has referred this case to the Court. This matter is a statutorily core proceeding under 28 U.S.C. §§ 157(b)(1) and (b)(2). The Court has constitutional authority to enter final orders in this matter.

At the Hearing, the Court considered the documentary evidence presented by the parties and allowed the Debtor to testify in support of the Objection. The Debtor bears the burden of rebutting the presumption of validity accorded proofs of claim under section 502 of the Bankruptcy Code.[2] The Claim represents the Creditor's "statement as to the amount and character of the claim." *Stancill v. Harford Sands, Inc. (In re Harford Sands, Inc.)*, 372 F.3d 637, 640 (4th Cir. 2004); 11 U.S.C. § 501(a). Under section 502 of the Code, the Claim is "deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a).[3] As the U.S. Court of Appeals for the Fourth Circuit explained in *Harford*,

> The Bankruptcy Code establishes a burden-shifting framework for proving the amount and validity of a claim. The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). The burden then shifts to the debtor to object to the claim. 11 U.S.C. § 502(b); *Finnman*, 960 F.2d at 404. The debtor must introduce evidence to rebut the claim's presumptive validity. Fed. R. Bankr. P. 9017; Fed. R. Evid. 301; 4 *Collier* at ¶ 501.02[3][d]. If the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence.

*Harford*, 372 F.3d at 640 (certain citations omitted). *See also In re Herron*, 381 B.R. 184, 188 (Bankr. D. Md. 2008). Accordingly, the Court must consider whether the Debtor has met her burden under this standard.

This contested matter is not the first time that the Debtor has disputed her obligations to the Creditor or one of the Creditor's predecessors.[4] The Debtor was involved in several state law

---

[2] 11 U.S.C. §§ 101 et seq. (the "Code").

[3] The Claim meets the requirements of Federal Rule of Bankruptcy Procedure 3001 by including the Official Form 410; the Official Form 410A, parts 1-5, with a breakdown of the total debt, a breakdown of the arrearage, a payment history starting April 1, 2010, at which time the account was last current; the Note; the recorded Deed of Trust; the recorded Assignments of the Deed of Trust; and an escrow statement.

[4] The plaintiffs in the declaratory judgment action were Ditech Financial, LLC/Green Tree Servicing, LLC and Federal National Mortgage Association. ECF 71, p. 20. Ditech Financial, LLC (which appears to the Court to be a new name for Green Tree Servicing, LLC), which assigned the Deed of Trust to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but as trustee for Pretium Mortgage Acquisition Trust ("Wilmington"). Claim No. 7, p. 33. Claim No. 7 indicates that the claim is currently held by Wilmington, and is serviced by Selene Finance, LP. *Id*.

foreclosure actions and one declaratory judgment action in which the Creditor's predecessor sought to resolve any disputes concerning the validity of the note and deed of trust relating to the subject property. The declaratory judgment action was filed in the Circuit Court for Baltimore City and involved an evidentiary trial before the Honorable Audrey J.S. Carrion.[5] Judge Carrion granted the requested declaratory relief by an order entered in 2016 (the "Declaratory Judgment"). ECF 71, p. 283–284. Judge Carrion's order declares, among other things, that the note and the deed of trust "contain the authentic and valid signatures of the Defendant," and "are enforceable by the Plaintiffs against Defendant Rhonda Wimbish and the property known as 3514 White Chapel Road, Baltimore, Maryland 21215." *Id*.

The Creditor argues that the Debtor's Objection is barred by the doctrine of res judicata. For the reasons set forth below, the Court agrees with the Creditor as to the validity and enforceability of the note and the deed of trust and with respect to any claims or causes of action that were or could have been brought in the Declaratory Judgment action. This Order does not address any claims or causes of action that relate solely to the conduct of the parties after the 2016 litigation and that, therefore, may not be barred by the res judicata doctrine.[6]

The United States Court of Appeals for the Fourth Circuit has explained that "the doctrine of res judicata encompasses two concepts: (1) claim preclusion and (2) issue preclusion." *Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002) (citing *In re Varat Enters.,*

[5] *Ditech Financial, LLC, et al. v. Rhonda Wimbish*, 24-C-15-000123 (Cir. Ct. Balt. City).

[6] The Debtor argues, for example, that the Creditor or one of its predecessors failed to accept her payments or failed to communicate properly with her concerning the mortgage and collection efforts under it. The Debtor had an opportunity to raise (and did in fact raise) these kinds of issues during the Declaration Judgment action. ECF 71, pp. 43–44, 188–192. As explained above, the doctrine of res judicata bars relitigation of those issues at this time. To the extent that the Debtor has specific evidence that shows new issues or claims that did not exist and could not have been brought at the time of the Declaratory Judgment action, the doctrine of res judicata may not apply and this Order does not address such matters. The Court does not, however, have any detailed allegations or evidence before it that the Objection involves such matters.

*Inc*., 81 F.3d 1310, 1315 (4th Cir. 1996)). Claim preclusion[7] focuses on the claims (i.e., causes of action) pursued in the previous litigation, while issue preclusion[8] speaks to the legal and factual issues actually litigated and decided by the court. *Id.* Claim preclusion generally "precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Moreover, the issues decided in previous litigation may carry over to subsequent litigation between the parties, barring relitigation of those issues in the context of the same claim (i.e., direct estoppel) or a different claim (i.e., collateral estoppel). *See, e.g., Restatement (Second) of Judgments* § 13, cmt (g) (1982).

Although the concepts of claim and issue preclusion are closely related, the standard for evaluating their application differs in certain key respects. For example, the Fourth Circuit has observed that "while issue preclusion applies only when an issue has been actually litigated, claim preclusion requires only a valid and final judgment." *Orca Yachts*, 287 F.3d at 318. (citing *Restatement (Second) of Judgments* §§ 17, 27 (1980)). Maryland takes a similar approach to the Fourth Circuit with respect to the doctrines of claim and issue preclusion.[9]

The Court has carefully reviewed the Amended Complaint filed in the Declaratory Judgment action, as well as the transcript from the evidentiary trial in that action filed on the docket

---

[7] In general, a party must establish the following elements for claim preclusion:

> (1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; (2) the parties are identical, or in privity, in the two actions; and (3) the claim[ ] in the second matter [is] based upon the same cause of action involved in the earlier proceeding.

*Grausz v. Englander*, 321 F.3d 467, 472 (4th Cir. 2003).

[8] In general, a party must establish the following elements for issue preclusion:

> (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum.

*S.E.C. v. Resnick*, 604 F.Supp.2d 773, 778 (D. Md. 2009).

[9] Under Maryland law, the elements of claim preclusion are: "(1) that the parties in the present litigation are the same or in privity with the parties to the earlier dispute; (2) that the claim presented in the current action is identical to the one determined in the prior adjudication; and, (3) that there has been a final judgment on the merits." *In re Durant*,

in this contested matter. ECF 71, pp. 20–282. As Judge Carrion explained, "the very, very narrow issue [of the trial was] whether this loan took place, whether it was [Debtor] who took out the loan, whether the loan has not been paid." *Id*. at p. 65. The focus of the trial was thus the Debtor's liability on the note and the deed of trust, and the Debtor had opportunities to contest not only the relief requested by the mortgage lender but also to assert the kinds of claims and defenses now raised in the Objection.[10] The resulting Declaratory Judgment is a final, non-appealable judgment that binds the parties thereto and their respective successors. This Court cannot undo, change, or alter the state court's decision or allow parties to relitigate claims or causes of actions that could have been brought at the time of that litigation.

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Objection is overruled.

**Copies to:**
Debtor
Debtor's Counsel
Creditor's Counsel
Chapter 13 Trustee

**END OF ORDER**

586 B.R. 577, 584 (Bankr. D. Md. 2018)(quoting *Anne Arundel Cty. Bd. of Educ. v. Norville*, 390 Md. 93, 887 A.2d 1029, 1037 (2005)). Under Maryland law, issue preclusion applies "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Durant*, 586 B.R. at 584 (quoting *Janes v. State*, 350 Md. 284, 711 A.2d 1319, 1324 (1998)).

[10] Maryland courts "have adopted the transactional test …." *Anne Arundel Cnty. Bd. of Educ. v. Norville*, 390 Md. 93, 108, 887 A.2d 1029, 1038 (2005). "Under the transactional approach, if the two claims or theories are based upon the same set of facts and one would expect them to be tried together ordinarily, then a party must bring them simultaneously." *Id*.